LOTTINGER, Judge
(concurring).
I fully agree with the majority opinion rendered herein but would like to give additional reasons why I am of the opinion the interpretation of the Code of Ethics given by the Louisiana Commission on Governmental Ethics is erroneous and contrary to the Louisiana Constitution.
The Commission on Governmental Ethics contends that appellant is in violation of *303 R.S. 42:1117 D and R.S. 42:1111 H, which are quoted in the majority opinion, just because he and members of his family, or corporations in which he has an interest, has oyster leases from the State. This interpretation as pointed out above is contrary to the spirit and language of the Code of Ethics as well as certain mandatory provisions of the Constitution of Louisiana. It is an elementary rule of law that when two interpretations of a statute are possible, a court will always give it that interpretation which renders it constitutional rather than one which renders it unconstitutional, and that is what we are doing here. Our interpretation of the Code of Ethics is fully explained in the majority opinion herein, but I would like to elaborate further on the constitutional provision creating the Louisiana Wild Life and Fisheries Commission of which the appellant is a member, as well as some of the duties of that Commission.
Const.1921, Art. VI, Sec. 1 Par. (A) (1):
(1): “* * * the commission of wildlife and fisheries shall consist of seven members, six of whom shall serve for a term of six years, * * *. Of the members whose terms are six years, three shall be electors of the coastal parishes and representatives of the commercial fishing and fur industries, and three shall be electors from the State at large.” Emphasis supplied.
It is well settled that the term, “commercial fishing” includes the oyster and shrimp business. The Constitution uses the imperative mood “shall” and the conjunctive “and”, not the disjunctive “or”, thus making it mandatory that three members be not only electors of the coastal parishes but also representatives of the commercial fishing and fur industries. There is no question in my mind that the intent of this provision is to guarantee that all phases or aspects of the fishing and fur industries of the state would be eligible for membership on the Commission so that said industries be regulated by qualified people possessing the skill, knowledge and experience necessary to promote the development of that part of our economy. Therefore the Governor must appoint three members from the commercial fishing and fur industries of the state.
The law dealing with oyster leases has been explained above, but members on this Wild Life Commission must also vote on the'open and closed season for shrimp as well as fur.
R.S. 56:497 A provides:
“No person shall take, have in possession, sell or offer for sale any salt water shrimp taken from inside waters except in the open seasons as herein-below described:
The spring open season shall commence not earlier than May 1 nor later than May 15 at the discretion of the commission and shall extend for a period of 60 consecutive days thereafter.
The fall open season shall commence on the 3rd Monday in August in any year and terminate on the 21st day of December following.
There shall be no closed season in outside waters.”
R.S. 56:262 A provides:
“The open season for taking non-game quadrupeds, defined in.R.S. 56:-252, in any area or one or more parishes shall be fixed by the Louisiana Wild Life and Fisheries Commission, and it shall have the authority to extend, curtail or prohibit the trapping in any area of the state each year.” Emphasis supplied.
One can readily see therefore that according to the interpretation of the Commission on Governmental Ethics the members from the coastal parishes would be in *304 violation of the Code of Ethics because their duty requires them to assist and advise and make laws and rules governing their’s and the state’s economy. This is contrary to the intent of the Constitution and laws quoted above.
For these reasons and the reasons given in the majority opinion, I concur in the opinion rendered.